# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:10CR00013 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| JOE JACKSON GAMBILL, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for United States, and Nancy Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, Joe Jackson Gambill, was convicted by a jury in this court of possession of a firearm after having been convicted of a felony. 18 U.S.C.A. § 922(g)(1) (West 2000). He is now before the court for sentencing and the government contends that he qualifies for a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000 & Supp. 2010). The defendant disagrees, and this opinion resolves the issue.

I

The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous convictions in any court . . . for a violent felony or a serious drug

offense . . . shall be . . . imprisoned not less than fifteen years." *Id.* The term "violent felony" is defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C.A. § 924(e)(2)(B).

The government bears the burden of establishing that a prior conviction qualifies for the ACCA enhancement. *United States v. Goodman*, 519 F.3d 310, 316 (6th Cir. 2008).

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the word "burglary" as used in the ACCA meant a felony crime that had the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." This definition, the Court noted, excluded various state crimes that were called burglaries, but involved a place other than a building or structure, such as an automobile, or a "'booth or tent, or any boat or vessel, or railroad car.'" *Id.* at 599 (referring to Missouri burglary statute).

The Court also determined that where a state burglary statute was broader than the generic definition approved for the ACCA, the sentencing court was limited in the sources of proof that it could consult to determine whether the defendant was actually convicted of the approved generic burglary, or not. *Id.* at 602. This "modified categorical approach" allows the court to consider the "charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms," *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010), but not sources that would require "subsequent evidentiary enquiries" into the basis for the conviction, such as reports of the police investigation. *Shepard v. United States*, 544 U.S. 13, 20 (2005).

The defendant concedes that he has been convicted of two qualifying felonies — drug distribution and armed robbery — but objects to the application of a third felony conviction, for a Virginia statutory burglary. The government has introduced the indictment and judgment for that conviction. The indictment, returned by a grand jury of the Circuit Court of Carroll County, Virginia, on September 20, 1993, charged a violation of Virginia Code section 18.2-91, and alleged as follows:

> On or about the 25th day of April, 1993, in the County of Carroll, one Joe Jackson Gambill did feloniously and unlawfully break and enter Kools Restaurant, with the intent to commit larceny,

>           against the peace and dignity of the Commonwealth
>           of Virginia.

(Gov't's Ex. 2.) .

The defendant pleaded guilty to this indictment on October 14, 1993, but the state court judgment introduced by the government adds nothing to the nature of the offense.

The Virginia statutory burglary statute cited in the indictment, section 18.2-91 of the Virginia Code, is "non-generic," in that it includes places other than those found by *Taylor* to be within the meaning of the term "burglary" as used in the ACCA. *United States v. Williams*, 223 F. App'x 280, 283 (4th Cir. 2007) (unpublished). That statute in turn refers to section 18.2-90 for the elements of the crime. That section, as it read at the time of Gambill's offense in 1993, provided that

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation . . . shall be deemed guilty of statutory burglary. . . .

Va. Code Ann. § 18.2-90 (Westlaw 1991). Thereafter, in 2004, the statute was amended to remove "office, shop, storehouse, warehouse, banking house, or other

house" and replace those words with "building permanently affixed to realty." 2004 Va. Acts ch. 842. Before the language change, the Supreme Court of Virginia had opined that all of the places referred to in the first clause of the definitional part of section 18.2-90 ("office, shop, storehouse, warehouse, banking house, or other house") referred to improvements affixed to the ground, or realty. *Graybeal v. Commonwealth*, 324 S.E.2d 698, 699, 700 (Va. 1985) (holding that mobile homes or house trailers do not fall within the definition of "other house" used in section 18.2-90).

II

The defendant contends that the government has presented no evidence permissible under the modified categorical approach to construing the ACCA to show that Kools Restaurant was a building or structure. In response, the government argues that had the place burglarized not been a structure affixed to the ground, the indictment would have been required to have alleged, in accord with section 18.2-90, that the place was "used as . . . a dwelling or place of human habitation." Va. Code Ann. § 18.2-90. Since the indictment does not include that language, it is argued, it is clear that the place in question was not an automobile, truck, or trailer.

I cannot agree with the government that the failure of the indictment to charge that the place was used as a dwelling or place of human habitation proves that Kools Restaurant was a structure affixed to the reality. Non-structures other than automobiles, trucks, and trailers are included in the scope of the Virginia statute and do not require proof that they were dwellings or places of human habitation. Besides, it is the government's obligation to prove that the place burglarized met the requirements of the ACCA, and the absence of a particular allegation in an indictment is weak proof, if sufficient at all, of the nature of the conviction.

The government relies on an unpublished opinion of the Fourth Circuit in which it held that a Virginia indictment charging burglary of "the business of All American Car Wash" was sufficient proof that the place was a building or structure. *United States v. Shelton*, 196 F. App'x 220, 222 (4th Cir. 2006) (per curiam) (unpublished). While this opinion certainly reflects a more relaxed view of the requirements of the ACCA, the citation of unpublished decisions issued prior to January 1, 2007, is disfavored, 4th Cir. R. 32.1, and accordingly *Shelton* does not control the present case. *See United States v. Hayes*, 482 F.3d 749, 751 n.7 (4th Cir. 2007) (noting that court's unpublished decisions issued prior to January 1, 2007, are

not controlling precedent), *reversed and remanded on other grounds*, 129 S. Ct. 1079, 1089 (2009).[1]

Even assuming that the proper name used in the indictment was descriptive of the purpose of the place burglarized, restaurants are sometimes conducted in places other than structures affixed to the land. Because the government has the burden of proof, I hold that it has not shown that this conviction meets the requirements for a predicate offense under the ACCA.[2]

---

[1] The government also relies on another unpublished and nonprecedential decision of the Fourth Circuit, *United States v. Crawford*, 175 F. App'x 594 (4th Cir. 2006) (unpublished), but the opinion in that case did not recite the words of the charging documents, but merely affirmed the finding of the district court that they qualified the defendant as an armed career criminal. I am thus unable to determine the court's reasoning for its determination.

[2] The government has also introduced the Criminal Complaint filed in the Galax and Carroll County, Virginia, General District Court by a police officer, dated April 27, 1993, which recites the following facts as to the offense:

> The accused went to Kools Restaurant located on Caldwell Street in the City after hours and enter [sic] the business through the back door and went in and took a cash box [sic] two money bags totaling $700.00 cash from the store.

(Gov't's Ex. 1.) While the reference to a "back door" indicates that Kools Restaurant may have been a structure, I am not permitted to consider a charging document from a court other than the sentencing court, absence evidence that it was incorporated into the sentencing court's charging document. *United States v. Harcum*, 587 F.3d 219, 224-25 (4th Cir. 2009).

Absent the application of this conviction, the defendant does not qualify as an armed career criminal, and is not subject to the statutory mandatory minimum sentence of imprisonment.

III

For these reasons, the defendant's objection to his classification as an armed career criminal is sustained.

It is so **ORDERED**.

    ENTER: December 28, 2010

    /s/ JAMES P. JONES
    United States District Judge