IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 1:10CR00013 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **JOE JACKSON GAMBILL**, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst and Jean B. Hudson, Assistant United States Attorneys, Abingdon and Charlottesville, Virginia, for United States, and Christine Madeleine Lee, Office of the Federal Public Defender, Roanoke, Virginia, for Defendant.*

Joe Jackson Gambill, a federal inmate previously sentenced by this court following his conviction by a jury of possession of a firearm after having been convicted of a felony, has filed a motion under 28 U.S.C. § 2255, contending that his enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e), is invalid. For the reasons that follow, I will grant the motion.

I

At the defendant's sentencing on December 28, 2010, the government requested that his sentence be enhanced under the ACCA. The ACCA provides that a person convicted of a violation of § 922(g), who "has three previous

convictions by any court . . . for a violent felony or a serious drug offense . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The defendant conceded at sentencing that he has been convicted of two qualifying felonies — drug distribution and robbery — but objected to the application of a third felony conviction, for a Virginia statutory burglary. The government introduced the Indictment and Judgment for that conviction. The Indictment, returned by a grand jury of the Circuit Court of Carroll County, Virginia, on September 20, 1993, charged a violation of Virginia Code section 18.2-91, and alleged as follows:

> On or about the 25th day of April, 1993, in the County of Carroll, one Joe Jackson Gambill, did feloniously and unlawfully break and enter Kools Restaurant, with the intent to commit larceny, against the peace and dignity of the Commonwealth of Virginia.

(Gov't's Ex. 2, Nov. 15, 2010, ECF No. 66-2.)

The defendant pleaded guilty to this Indictment on October 14, 1993. The Virginia statutory burglary statute cited, section 18.2-91 of the Virginia Code, in turn refers to Virginia Code section 18.2-90 for the elements of the crime. That section, as it read at the time of Gambill's offense in 1993, provided that

> If any person in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and

– 2 –

> conceals himself in any office, shop, manufactured home, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation . . . shall be deemed guilty of statutory burglary. . . .

Va. Code Ann. § 18.2-90 (1992). Thereafter, in 2004, the statute was amended to remove "office, shop, manufactured home, storehouse, warehouse, banking house, . . . or other house" and replace those words with "building permanently affixed to realty." 2004 Va. Acts ch. 842. Before the language change, the Supreme Court of Virginia had opined that all of the places referred to in the first clause of the definitional part of section 18.2-90 ("office, shop, storehouse, warehouse, banking house, or other house") referred to improvements affixed to the ground, or realty. *Graybeal v. Commonwealth*, 324 S.E.2d 698, 699, 700 (Va. 1985) (holding that mobile homes or house trailers do not fall within the definition of "other house" used in § 18.2-90).

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the word "burglary" as used in the ACCA meant a felony crime that had the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." This generic definition, the Court noted, excluded various state crimes that were called burglaries, but involved a place other than a building or structure, such as an automobile, or a "'booth or tent,

or any boat or vessel, or railroad car.'" *Id.* at 599 (referring to Missouri burglary statute).

I denied the government's request that Gambill's sentence be enhanced under the ACCA because I determined that, limited to the modified categorical approach of evaluation required by the Supreme Court, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), the government had not proved that "Kools Restaurant" was a building or structure.

The government appealed and the Fourth Circuit reversed. Relying on *United States v. Foster,* 662 F.3d 291 (4th Cir. 2011), *reh'g en banc denied*, 674 F.3d 391 (4th Cir. 2012), *cert. denied*, 133 S. Ct. 207 (2012), the court held that the name of the business recited in the Indictment was sufficient alone to show that the defendant had entered a building or structure, and thus was guilty of a generic burglary as defined in *Taylor*. *United States v. Gambill,* 492 F. App'x 427, 429 (4th Cir. 2012) (unpublished), *cert. denied,* 133 S. Ct. 899 (2013) ("*Gambill I*"). The court remanded the case and in obedience to its mandate, on November 26, 2012, I sentenced the defendant to an enhanced term of imprisonment under the ACCA. Gambill again appealed, "arguing that the Supreme Court's recent decisions in *Alleyne v. United States,* 133 S. Ct. 2151 (2013), and *Descamps v. United States,* 133 S. Ct. 2276 (2013), indicate that *Foster* and *Gambill I* were

– 4 –

incorrectly decided and that his sentence violates the Sixth Amendment." *United States v. Gambill*, 554 F. App'x 168, 168 (4th Cir. 2014) (unpublished), *cert. denied,* 134 S. Ct. 2857 (2014) ("*Gambill II*"). The Fourth Circuit rejected this argument and affirmed his new sentence. *Id.* at 169.

On May 8, 2015, Gambill filed a pro se motion under § 2255 attacking his enhanced ACCA sentence on several grounds, including those that had been asserted on his second direct appeal.[1] On October 20, 2015, following *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), the Federal Public Defender for this district was appointed to represent Gambill in connection with his § 2255 motion. On January 7, 2016, the Federal Public Defender filed on Gambill's behalf an Amended Supplemental Motion Pursuant to 28 U.S.C. § 2255. Relying on *Descamps v. United States*, 133 S. Ct. 2276 (2013), it was asserted that both Gambill's prior burglary and robbery convictions were invalid predicates for his ACCA sentence enhancement.

Because the Fourth Circuit has before it a case involving whether a Virginia robbery conviction is a valid ACCA predicate, *United States v. Winston*, No.

---

[1] The Supreme Court denied certiorari in *Gambill II* on June 23, 2014, and thus Gambill's motion was within the one-year statute of limitations imposed by 28 U.S.C. § 2255(f)(1). The government does not raise any statute of limitations defense in this case, nor any argument that Gambill's burglary claim is procedurally defaulted.

– 5 –

16-6978, the parties have agreed that at this time, the court need only take up the validity of Gambill's burglary predicate, leaving consideration of the robbery predicate for the decision in *Winston*, if necessary.

The defendant's § 2255 motion has been fully briefed and orally argued and is ripe for decision.

## II

Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> > (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii)  is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause"

– 6 –

and was found to be unconstitutionally vague in *Johnson.* The force and enumerated crime clauses were untouched by *Johnson.*[2]

Gambill argues, based upon *Descamps* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), that a Virginia burglary no longer qualifies as an enumerated offense because the Virginia statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it lists "multiple, alternative means of satisfying one (or more) of its elements." *Mathis,* 136 S. Ct. at 2248. On the other hand, as contended by the government in opposition to Gambill's § 2255 motion, if the statue lists "elements in the alternative, and thereby define[s] multiple crimes," *id.* at 2249, the court may use the *Shepard*-approved documents to determine which crime was committed and whether it meets the generic ACCA definition.

In *Mathis*, the Court attempted to give examples to aid in distinguishing "elements" from "means" and thus to determine whether the statute in question was divisible or not. Does state law conclusively establish the question? Do the statutory alternatives carry different punishments? Does the statutory list offer

---

[2] *Johnson* does not assist the defendant in this case. It has never been considered in the course of his prosecution that his burglary conviction should be a predicate under the residual clause of the ACCA. Gambill's burglary conviction has always been considered as falling under the enumerated crime clause. The *Johnson* ruling "does not call into question application of the Act to the four enumerated offenses, or the remainder

– 7 –

only illustrative examples? *Id.* at 2256. In addition, the Court suggested that "if state law fails to provide clear answers," *id.,* the sentencing judge can look at the charging documents or jury instructions in the particular case to see if they refer to alternative means of commission of the crime, or "by referencing one alternative term to the exclusion of all others," *id.* at 2257, indicate "that the statute contains a list of elements, each one of which goes toward a separate crime," *id.*

The Fourth Circuit in *Foster* referred to the Virginia burglary statute under which Gambill was convicted as "a crime under three separate clauses." 662 F.3d at 293. It did not determine whether the statute was divisible or indivisible, and except for the clause of the statute relating to automobiles, trucks, or trailers, 62 F.3d at 294 n.4, did not refer to any state law form of indictment indicating separate required elements of the crime.

In *Gambill II*, the Fourth Circuit stated that *Descamps* was "of no benefit to Gambill," 554 F. App'x at 169, and the government argues that this conclusion is the law of the case and precludes me from granting relief based on *Descamps*. "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the

---

of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

– 8 –

same case." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009) (internal quotation marks and citations omitted).

The Fourth Circuit did not receive oral argument in *Gambill II*, but a review of the defendant's briefs to the Fourth Circuit reveals that the defendant did not present the issue of whether the Virginia statutory burglary statute was divisible. Rather, the defendant invoked *Descamps* in support of his Sixth Amendment argument: "Imposition of an ACCA sentence on resentencing violates Mr. Gambill's right under the Sixth Amendment to have all of the facts underlying an enhanced statutory sentence, including the circumstances surrounding a prior conviction (as opposed to the simple fact of that prior conviction), determined by a jury." Corrected Am. Br. of Appellant 14, *United States v. Gambill*, No. 12-4969 (4th Cir. July 17, 2013). The Fourth Circuit in *Gambill II* did not address whether the burglary statute at issue was divisible. Instead, the Fourth Circuit simply stated that "neither *Alleyne* nor *Descamps* addressed the question confronted in *Foster* and *Gambill I* — whether the district court's application of the modified categorical approach violated *Shepard v. United States* by finding facts about a prior conviction that were not previously validated by a process comporting with the Sixth Amendment." *Gambill II*, 554 F. App'x at 169 (internal quotation marks, alterations, footnote, and citation omitted). Because the question of whether the

– 9 –

statute is divisible was not before the court in *Gambill II*, that decision does not represent the law of the case on that issue. *See Sejman v. Warner-Lamber Co.*, 845 F.2d 66, 69 (4th Cir. 1988) ("An omission may become part of the law of the case only if its subsequent assertion is an attempt to relitigate the ultimate issue previously decided."). Thus, the Fourth Circuit's rulings in *Foster*, *Gambill I*, and *Gambill II* do not resolve the issue of whether the burglary statute to which Gambill pled guilty is divisible or indivisible, and I must decide that question.

III

The Court in *Mathis* instructed district courts first to look to state court decisions in order to determine whether a state statute sets forth alternative elements or alternative means of satisfying a single element. *Mathis*, 136 S. Ct. at 2256. Although no Virginia appellate court decision definitively states whether the various locations listed in the applicable statute are elements or means, the Supreme Court of Virginia's opinion in *Graybeal v. Commonwealth*, 324 S.E.2d 698 (Va. 1985), suggests that the listed alternatives are means rather than elements.[3] In *Graybeal*, the indictment had charged the defendant with "nighttime breaking and

---

[3] The Virginia statutory burglary statute was amended in 1992, after the *Graybeal* decision issued and before Gambill's 1993 conviction. However, the 1992 amendment merely added "manufactured home" to the list of places, an addition that is not relevant to

– 10 –

entering an 'office or storehouse' in violation of [Va.] Code § 18.2-91." *Id.* at 698-99. He was tried and convicted by a jury. *Id.* at 698-99. On appeal, he argued that the evidence presented at trial had not established that the structures at issue were offices or storehouses under the statute. *Id.* at 699. He further argued that "none of the other provisions of Code § 18.2-91 applies," *id.*, an argument the Supreme Court of Virginia considered and ruled upon. Specifically, the defendant contended that aside from the parts of the statute referring to an office or storehouse, "the only other part of the statute that could be used against him concerns trailers." *Id.* The court found that the structures in question were trailers and there was no proof that they had been used for human habitation, as required by the statute for trailers, so the Commonwealth could not rely on the portion of the statute pertaining to trailers. *Id.* at 700. The court further concluded that the Commonwealth could not rely on the part of the statute referring to an "other house" because that term implies realty, and a trailer is not realty. *Id.* Ultimately, the court held that "the Commonwealth failed to prove a violation of Code § 18.2-91, the statute under which Graybeal was indicted." *Id.*

Both the Supreme Court of Virginia and the defendant in *Graybeal* treated the various locations listed in the statute as essentially interchangeable. The

---

the issue presented here.

– 11 –

indictment had referred only to an "office or storehouse," but the defendant and the court both assumed that if the evidence had supported it, the defendant instead could have been convicted of breaking and entering an "other house" or "trailer," apparently without the need for a new or amended indictment. The court's discussion suggests that under the indictment handed down in the case, the prosecution could have secured a conviction based on proof that the defendant had broken and entered any of the locations listed in the statute. The Commonwealth urged the court to uphold the conviction under the "other house" option even though it had not been alleged in the indictment and there was no indication that the jury had made any finding that the structures at issue were "other houses" or any of the alternative specified kinds of structures.

In *Mathis*, the Court reminded us that "elements" are what prosecutors must prove to secure a conviction and "what the jury must find beyond a reasonable doubt to convict the defendant." 136 S. Ct. at 2248. "A single statute may list elements in the alternative, and thereby define multiple crimes." *Id.* at 2249. But based on the *Graybeal* decision, the Virginia burglary statute at issue here does not appear to be such a statute. The jury in that case seemingly was *not* required to find beyond a reasonable doubt that the structures at issue were "storehouses" or "warehouses" as opposed to "trailers" or "other houses" — any of the options listed

– 12 –

would have sufficed to convict the defendant of the single crime set forth in the statute. Therefore, *Graybeal* implies that the various locations listed in the statute are alternative means, not alternative elements.[4]

The Supreme Court in *Mathis* also directed district courts to examine the state statute itself to determine whether it sets forth alternative elements or alternative means. "If statutory alternatives carry different punishments, then under *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000),] they must be elements." *Mathis*, 136 S. Ct. at 2256. "Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." *Id.* (citation omitted). In some cases, a statute will clearly state which things are elements that must be charged and proved and which things are not. *Id.*

The various structures or places listed in the Virginia burglary statute at issue here do not carry different punishments, a factor weighing in favor of indivisibility. Nor does the statute contain a list of "illustrative examples" similar to the statutes at issue in *United States v. Howard* or *United States v. Cabrera-Umanzor*, a factor

---

[4] It is also noteworthy that the Court of Appeals of Virginia has construed a different but similarly disjunctive portion of the statute, "in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself," Va. Code Ann. § 18.2-90, as a single element. *Sims v. Commonwealth*, 507 S.E.2d 648, 653 (Va. Ct. App. 1998) (remarking that the indictment at issue "recit[ed] the specific statutory element, 'did break and enter in the daytime, or enter in the nighttime'").

– 13 –

that would also weight in favor of indivisibility. *See United States v. Howard*, 742 F.3d 1334, 1348-49 (11th Cir. 2014) (finding indivisible a statute that defined the word "building" and then stated as examples certain kinds of structures included within that definition); *United States v. Cabrera-Umanzor*, 728 F.3d 347, 351-54 (4th Cir. 2013) (finding indivisible a statute that set forth a definition of a crime and then stated that the crime "includes, but is not limited to" certain actions). And the burglary statute at issue here does not on its face make clear whether its listed places are elements or means.

In *Foster*, the Fourth Circuit divided the Virginia statutory burglary statute into three separate location clauses: "(1) an 'office, shop . . . storehouse, warehouse, banking house, or other house'; (2) a 'ship, vessel, or river craft or any railroad car'; or (3) 'any automobile, truck, or trailer . . . [being] used as a dwelling or place of human habitation.'" *Foster*, 662 F.3d at 293–94 (quoting section 18.2-90). The government contends that this segmentation of the statute demonstrates that the statute is divisible. But while the third clause contains an additional element that the automobile, truck, or trailer in question must be used for human habitation, the first two clauses on their face contain no different or additional elements. The distinction between the two clauses is in the type of places described: the first clause lists stationary structures that are realty, while the second clause lists

movable structures. An indictment under the statute could presumably charge that a defendant had broken and entered an "office, shop, manufactured home, storehouse, warehouse, banking house, . . . other house . . . ship, vessel or river craft or . . . railroad car," Va. Code Ann. § 18.2-90, and as long as a jury found beyond a reasonable doubt that the defendant had broken and entered any one of those places, it could convict. A hypothetical indictment might, as Gambill's counsel suggested at oral argument, charge that a defendant broke and entered a floating structure without specifying whether the structure was a house or a boat. The distinction would not be necessary, because regardless of whether the jury decided that the structure at issue was a house or a boat, the jury could convict the defendant under the statute. The crime and the punishment would be the same in either event.

Based on the foregoing reasoning, along with the analysis applied in *Graybeal*, I find that the Virginia burglary statute to which Gambill pled guilty is indivisible.

This conclusion is consistent with the Seventh Circuit's recent decision in *United States v. Edwards*, Nos. 15-2373, 15-2374, 15-2552, 2016 WL 4698952 (7th Cir. Sept. 8, 2016). In *Edwards*, the court considered whether the Wisconsin burglary statute was divisible. That statute stated, in relevant part,

– 15 –

(1m) Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:

(a) Any building or dwelling; or

(b) An enclosed railroad car; or

(c) An enclosed portion of any ship or vessel; or

(d) A locked enclosed cargo portion of a truck or trailer; or

(e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or

(f) A room within any of the above.

Wis. Stat. Ann. § 943.10. Finding no relevant decisions of the Wisconsin Supreme Court, the *Edwards* court looked to the text of the statute to discern whether it set forth alternative elements or alternative means. *Edwards*, 2016 WL 4698952 at *4.

The court found that there was "no plausible argument that the Wisconsin legislature intended to create a distinct offense for entering a 'ship' as opposed to a 'vessel,' a 'truck' as opposed to a 'trailer,' or a 'motor home or other motorized home' as opposed to a 'trailer home.'" *Id.* at *5. The court concluded that "the phrase 'building or dwelling' in subsection (a) is best understood as likewise providing two examples of enclosed structures rather than creating two separate offenses. Reinforcing that conclusion is the fact that those alternatives carry the same punishment." *Id.*

– 16 –

Turning to the record of the underlying conviction, the court found that the complaint and information were unhelpful because such documents "must allege every element of the crime charged, but they may also (and usually do) include additional facts that need not be proved to the jury beyond a reasonable doubt." *Id.* "Similarly, the recitation of a crime's elements during a plea colloquy may include as much or as little factual detail as necessary for the defendant to understand the nature of the charges against him." *Id.* Therefore, the fact that the charging documents alleged that the defendants had burgled a dwelling did not indicate whether the statute was divisible. Based on the text and structure of the statute alone, the court held that "subsection (a) lists alternative means rather than elements and is therefore indivisible." *Id.* at 6.

The *Shepard* documents in this case are similarly unhelpful. The underlying Indictment alleged that Gambill broke and entered "Kools Restaurant." (Gov't's Ex. 2, Nov. 15, 2010, ECF No. 66-2.) The Fourth Circuit later held that the words "Kools Restaurant" implicitly meant that burglary was of a building or structure. *Gambill I*, 492 F. App'x at 429. But the fact that the Indictment specifically alleged that Gambill had burgled "Kools Restaurant" does not mean that such a level of specificity was necessary. The Indictment may have set forth the factual

– 17 –

allegations with a greater level of detail than was required. Other indictments charging defendants with Virginia statutory burglary may be less specific.[5]

Fortunately, a sentencing court need not rely on the underlying record of the prior conviction to determine whether a statute is divisible. The Court in *Mathis* indicated that district courts should look to the record of the prior conviction as a last resort when "state law fails to provide clear answers." *Mathis*, 136 S. Ct. at 2256. As indicated above, I conclude that state law — both the case law and the text and structure of the statute itself — reveals that the various locations set forth in the 1993 version of § 18.2-90 are alternative means rather than alternative elements.

Because the statute is indivisible, the modified categorical approach does not apply, and I cannot look to the underlying indictment to determine whether Gambill pled guilty to a means of the offense that is the same as or narrower than the generic burglary offense defined in *Taylor*. Applying the categorical approach and considering the Virginia burglary statute as a whole, it is clearly broader than generic burglary and is not a valid predicate offense under the ACCA. Without the burglary predicate, Gambill lacks the three predicates necessary for an enhanced sentence under the ACCA.

---

[5] Neither party provided the court with examples of Virginia statutory burglary

– 18 –

IV

For the foregoing reasons, the Amended Supplemental Motion for Relief Pursuant to 28 U.S.C. § 2255 (ECF No. 127) is GRANTED and the defendant's sentence is vacated, subject to resentencing. The clerk is directed to schedule a resentencing hearing and the Probation Office is directed to prepare an addendum to the original Presentence Investigation Report. In the meantime, the defendant shall remain in custody.

It is so **ORDERED**.

ENTER: October 7, 2016

/s/ JAMES P. JONES
United States District Judge

---

indictments from other cases.